CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 21, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JODIE PENNIX,

Plaintiff,

v.

OFFICER JOSHUA BATES, *et al.*,

Defendants.

Case No. 7:26-cv-00564

**MEMORANDUM OPINION**

By: Hon. Thomas T. Cullen
United States District Judge

---

Plaintiff Jodie Pennix, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Officer Joshua Bates, Officer Ryon Murphey, and Appomattox Police Dept. (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's allegations fail to state a claim.

In his complaint, Plaintiff states as follows:

> Brulaity [*sic*] by the police . . . happent [*sic*] in the trailer park at 325 Parkview[,] Appomattox[,] VA 24522[.] They wrong forly [*sic*] tasered me and I fall [*sic*] down some steps[.] They used fore [*sic*] when it was not needed[.] [I] got a bad back [and] nerve[] damage from it[.] Medical was needed but [t]hey didn't let me go to the hospital[.] [T]hey only did what they did hern [*sic*] and now my back hurts badly do [*sic*] to there [*sic*] failers [*sic*].

(Compl. at 5.)

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner complaint

fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true, draws all reasonable inferences in Plaintiff's favor, and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th

Cir. 2001). Here, even liberally construing Plaintiff's complaint in his favor, Plaintiff has failed to allege facts that would show that any defendant violated his constitutional rights, and the court must therefore dismiss his claims.

As noted, Plaintiff has sued "Appomattox Police Dept."[1] (*See* Compl. at 1.) But this Defendant is not a "person" subject to suit under § 1983. *Santiago v. Lynchburg Police Dep't*, No. 7:23-cv-00281, 2024 WL 542414, at *2 (W.D. Va. Feb. 12, 2024) ("[I]n Virginia, police departments are not persons amenable to suit under § 1983"); *Young v. Perry*, No. 4:16-cv-00060, 2017 WL 836036, at *3 (W.D. Va. Mar. 2, 2017) ("Because the Henry County Sheriff's Office is not a 'person,' it cannot be sued under § 1983"); *see also Thompson v. City of Danville, Va.*, No. 4:10-cv-00012, 2011 WL 2174536, at *4 (W.D. Va. June 3, 2011) ("Local police and sheriff's departments in Virginia are 'non suis juris,' meaning they simply do not have the capacity to be sued"). Thus, Plaintiff's claims against "Appomattox Police Dept." must fail.

Plaintiff has also failed to state adequate claims for relief against the other Defendants. As noted, Plaintiff has sued Officer Joshua Bates and Officer Ryon Murphey. (*See* Compl. at 1.) But Plaintiff fails to identify which of these Defendants engaged in which allegedly wrongful acts, and—aside from a general listing of them on a form complaint—fails to mention them in his pleading. (*See id.*) Plaintiff cannot rely merely on the allegation that "defendants" violated his rights without specific allegations as to each of their conduct that allegedly gives rise to liability. *See, e.g.*, *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual

[1] It is not clear whether Plaintiff intended to sue "Appomattox Police Dept." or the Sheriff's Office for Appomattox County.

defendant. Blanket conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare allegations relating to the conduct of all defendants to hold a defendant liable, but must identify specific acts or conduct taken by each defendant to state a claim." (cleaned up)). As Plaintiff has failed to adequately state any claims against Defendants, the court will dismiss this action.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 21st day of August, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE