CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 16, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JODIE PENNIX, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00564 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER JOSHUA BATES, *et al.*, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

---

Plaintiff Jodie Pennix, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Officer Joshua Bates, Officer Ryon Murphey, and the Appomattox Police Dept.[1] (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, the court will dismiss this action without prejudice.

In his amended complaint, Plaintiff alleges as follows:

> Failure to respond to a 911 call due to gunshots being fired at my home[.] My house was hit several times and the police did not show up for or until at least 45 minutes later. I feared for my life and the lives of the people in my home.

(ECF No. 9 at 4.)

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon

---

[1] Plaintiff initiated this action by filing his original complaint. (*See* ECF No. 1.) Upon screening of the complaint pursuant to 28 U.S.C. § 1915A, the court determined that Plaintiff had failed to state a claim upon which relief can be granted and ordered Plaintiff to submit an amended complaint within 30 days. (*See* ECF No. 8.) Plaintiff's amended complaint—which is his operative pleading—was docketed on September 8, 2026. (*See* ECF No. 9.)

which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise, if at all, under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal,

based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, even liberally construing Plaintiff's amended complaint in his favor, Plaintiff has, once again, failed to allege facts that would show that any defendant violated his constitutional rights, and the court must therefore dismiss this action.

To state a claim under § 1983, a plaintiff must allege a personal connection between each defendant's actions and the denial of his constitutional rights. *See id.*; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (cleaned up)). As in his original complaint, Plaintiff does not allege in his amended complaint a personal connection between any of Defendants and the alleged violation of his rights, and he cannot rely merely on the allegation that "defendants" violated his rights without specific allegations as to each of their conduct that allegedly gives rise to liability. *See, e.g.*, *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant. Blanket conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare allegations relating to the conduct of all defendants to hold a defendant liable, but must identify specific acts or conduct taken by each defendant to state a claim." (cleaned up)).

Moreover, Plaintiff has failed to plead sufficient facts to state an actionable claim. As noted, Plaintiff claims that the police did not promptly respond to his 911 call. But this, standing alone, does not show that his constitutional rights were violated. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) ("As a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation

of the Due Process Clause."); *see also Robinson v. City of Seattle*, No. 24-cv-377, 2024 WL 2133713, at *2 (W.D. Wash. May 10, 2024) (allegations that the "Seattle Police did not respond to [the plaintiff's] third 911 call . . . [were insufficient to show] a constitutional violation under Section 1983").[2]

Because Plaintiff has, once again, failed to allege individual action by any Defendant that allegedly violated his rights or to plead sufficient facts, he has failed to state a claim. And because Plaintiff has had multiple opportunities to plead actionable claims against Defendants, the court will dismiss this action without prejudice.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 16th day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

[2] Moreover, as discussed in the court's prior Memorandum Opinion, the "Appomattox Police Dept." is not a "person" subject to suit under § 1983. (*See* ECF No. 7 at 3.)